```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT
FUND, BUILDING TRADES WELFARE
BENEFIT FUND, AND THE ELECTRICIAN'S
RETIREMENT FUND,

                                        Plaintiffs,

              -against-

PENTAGON ELECTRIC INC., and BARRY HIRSCH
INDIVIDUALLY,

                                        Defendants.
----------------------------------------------------------------------X
```

<u>For Online Publication Only</u>

**FILED**
**CLERK**

5/27/2025 12:18 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>ORDER</u>
24-cv-2865 (JMA) (JMW)

**AZRACK, United States District Judge:**

Before the Court is Plaintiffs' Trustees of The Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund, and The Electrician's Retirement Fund (the "Funds'") motion for default judgment against Defendants Pentagon Electric Inc. and Barry Hirsch ("Defendants.")  (<u>See</u> ECF No. 8.)  Plaintiffs brought suit pursuant to 29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and 29 U.S.C. Section 301 of the Labor Management Relations Act of 1947 ("LMRA") on April 17, 2024 to recover delinquent contributions and associated payments allegedly owed to the Funds.  (<u>See generally</u> Compl., ECF No. 1.)  Although Defendants were properly served with copies of the summons and complaint on April 19, 2024, they failed to appear or otherwise defend against the action.  (<u>See</u> ECF Nos. 4, 5.)  On August 27, 2024, the Clerk of the Court entered the default.  (ECF No. 7.)

# I. DISCUSSION

## A. Defendants Defaulted

The record reflects that all Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds all Defendants in default.

## B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, the allegations in the Complaint are sufficient to establish Defendants' liability as alleged in the Complaint. (See Compl.)

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $30,341.38 for violations of ERISA and LMRA. The record, which includes Plaintiff's declaration, establishes the following damages to a reasonable certainty:

   i.   $22,596.15 for unpaid contributions;

   ii.  $4,519.23 for liquidated damages;

   iii. $3,226.00 for unpaid interest;

for a total of $30,341.38 in damages.

**D.    Attorney's Fees and Costs**

Plaintiffs also request an award of $5,008.42 in attorney's fees and costs incurred in litigating this action. Plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant to the CBA and ERISA. 29 U.S.C. § 1132(g)(2)(D). In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The Court has reviewed the billing records and finds the attorney's fees and costs detailed therein to be reasonable. Accordingly, Plaintiffs are awarded $2,500.00 in attorney's fees, $1,915.00 in audit costs, and $593.42 in litigation costs, for a total of $5,008.42 in attorney's fees and costs. Thus, in combination with the damages discussed above, Plaintiffs are awarded $35,349.80.

3

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants Pentagon Electric Inc. and Barry Hirsch are jointly and severally liable to Plaintiff for $35,349.80.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: May 27, 2025
Central Islip, New York

                                                    /s/     (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE